**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Beatriz Angelica Moreno,<br><br>  Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>  Defendant. | No. CV-16-02682-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Plaintiff Beatriz Angelica Moreno's ("Plaintiff") Petition for Approval of Attorneys' Fees. (Doc. 27.) For the following reasons, the Motion is granted.

## BACKGROUND

Plaintiff filed this action on August 8, 2016, seeking review of the denial of her application for benefits under the Title II of the Social Security Act. (Doc. 1.) Plaintiff filed her opening brief on December 12, 2016. (Doc. 16.) Subsequently, the parties stipulated to remand the matter to the Administrative Law Judge ("ALJ") for further administrative proceedings, (Doc. 20), and the Court remanded the matter pursuant to the stipulation, (Doc. 21.) Upon remand, the ALJ issued a favorable decision and awarded past-due benefits.

On May 9, 2017, Plaintiff requested attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"). (Doc. 23.) The Court awarded Plaintiff $3,526.03 in attorneys' fees

under the EAJA. (Doc. 25.) Plaintiff now moves for attorneys' fees in the amount of $16,470.00 pursuant to 42 U.S.C. § 406(b)(1). The Motion is unopposed. (Doc. 28.)

## DISCUSSION

Pursuant to 42 U.S.C. § 406(b)(1)(A), "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" Section 406(b) "does not displace contingent-fee agreements" but rather "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

In determining whether a contingency fee request is reasonable, courts must "approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness." *Id.* at 808. Courts may reduce the amount requested in the contingent-fee agreement "if the attorney provided substandard representation or delayed the case, or if the requested fee would result in a windfall." *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009).

Here, Plaintiff contracted to pay 25 percent of her past-due benefits on a contingency fee basis, in accordance with Section 406(b), (Doc. 27–3), and there is no evidence of substandard performance or delay by Plaintiff's counsel. Additionally, in light of the risks involved in a contingent-fee case and counsel's experience, Plaintiff's requested amount is reasonable.

In addition, as the Court awarded Plaintiff attorneys' fees under the EAJA, the Court orders that Plaintiff's counsel refund the EAJA award of $3,526.03 to Plaintiff. *See Gisbrecht*, 535 U.S. at 796 (explaining that Congress allows fee awards under both Section 406(b) and the EAJA but "the claimant's attorney must refund to the claimant the amount of the smaller fee") (internal citations omitted).

Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiff Beatriz Angelica Moreno's Petition for Approval of Attorneys' Fees (Doc. 27) is **GRANTED**. Plaintiff's counsel is awarded $16,470.00 in attorneys' fees pursuant to 42 U.S.C. § 406(b)(1).

**IT IS FURTHER ORDERED** that Plaintiff's counsel shall refund to Plaintiff the EAJA award of $3,526.03 within fourteen (14) days from the date of this Order.

Dated this 2nd day of March, 2021.

_G. Murray Snow_
Chief United States District Judge